IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dean Alton Holcomb, #369696,<br><br>    Plaintiff,<br><br> vs.<br><br>Greenville County Clerk of Court;<br>Paul B. Wickensimer; Donna Bearden;<br>Letitia Hamilton Verdin; Judge Garrison<br>Hill, G'ville, S.C.; Magistrate James<br>Hudson, G'ville, S.C.; Asst. Solicitor<br>Sylvia Harrison, G'ville, S.C.; Asst.<br>Solicitor Russell D. Ghent, Spartanburg,<br>S.C.; 13th Circuit Solicitor Walt Wilkins;<br>Spartanburg Solicitor Barry Barnette;<br>G'ville Public Defender's Office;<br>Spartanburg Public Defender's Officer;<br>G.C.D.C. Jail Administrator John<br>Vandermosten; Warden Tim Riley,<br>Columbia, S.C., Kirkland C.I.; General<br>Counsel Barton Vincent, SCDC;<br>General Counsel Annie Rumler, SCDC;<br>Ms. Albert, Kirkland Mail Supervisor;<br>and Magistrate Lela Foster, all in their<br>official and individual capacity,<br><br>    Defendants. | C/A No.: 6:17-2001-MGL-SVH<br><br><br><br><br><br><br><br>REPORT AND RECOMMENDATION |

    Dean Alton Holcomb ("Plaintiff"), proceeding pro se and in forma pauperis, is an inmate incarcerated at Kirkland Correctional Institution ("KCI") in the custody of South Carolina Department of Corrections ("SCDC"). He filed this civil action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Among the defendants, Plaintiff sues the Greenville County Clerk of Court ("the Clerk"), employees of the Clerk, state circuit court and magistrate judges, state solicitors, Greenville and

Spartanburg County public defender offices, the Greenville County Detention Center ("GCDC") jail administrator, the warden and mail supervisor at KCI, and lawyer employed by SCDC general counsel. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I. Factual and Procedural Background

Plaintiff alleges he has made attempts to proceed pro se since May 2013, and he has "been thwarted and hindered by Defendants in both criminal and civil matters." [ECF No. 1 at 5]. Plaintiff contends defendants have officially denied him his constitutional right to equal access to the courts and legal research. *Id.* Plaintiff claims he was arrested for breach of trust on May 16, 2013. *Id.* at 7. Plaintiff states he had jury trials in September 2016 and June 2017 and he "has received a total of 20 years in consecutive sentences." *Id.* at 7, 27. Plaintiff alleges he was denied a requested preliminary hearing "where he could have demonstrated that in fact every single sentence in the arrest warrant 2932 was false and or misleading." *Id.* at 17.

Plaintiff says the Clerk waited "weeks to file motions or to stamp motions [he] filed." *Id.* Plaintiff claims he sent a motion to dismiss and notice of appeal through SCDC on June 19, 2017, that was not stamped until July 13, 2017. *Id.* Plaintiff alleges "this malfeasance has cost [him] his right to appeal." *Id.* Plaintiff argues his rights may have been preserved had the clerk filed his motion. *Id.* Plaintiff states that he attempted to

2

contact the Clerk through the GCDC email service the week of June 5, 2017, but his access was blocked by the administrator. *Id.* at 18. Plaintiff alleges he also sent an email "via an outside proxy via Gmail" and he received no reply. *Id.* Plaintiff says these emails were regarding a series of pretrial motions he sent via GCDC mail service that were filed 16 days after his trial began and 12 days after sentencing. *Id.* Plaintiff claims he sent a motion regarding a mental health defense and a motion for Judge Hayes to recuse himself on May 19, 2017, and his request for a copy of these motions has gone unanswered. *Id.* Plaintiff says he filed a motion to dismiss counsel Matthew Shealy ("Shealy") on November 18, 2016, that was stamped as filed on December 9, 2016. *Id.* at 18–19. Plaintiff states this motion was heard on May 15, 2017. *Id.* Plaintiff claims on August 31, 2014, he filed a motion through GCDC mail service to relieve his first court-appointed counsel, to proceed pro se, and for a fast and speedy trial. *Id.* at 19. Plaintiff states these motions were stamped September 9, 2014. *Id.*

Plaintiff claims John Crangle ("Crangle") was relieved on March 20, 2015. *Id.* Plaintiff contends Crangle did not make any efforts to obtain a bond or speedy trial, but did inform Plaintiff of plea bargain offers. *Id.* Plaintiff alleges Crangle told him he would never get a bond or a hearing without signing, and Plaintiff states he "never got a bond at GCDC." *Id.* Plaintiff states Shealy was his next attorney, and he filed a notice of appearance and motion for discovery in Spartanburg County. *Id.* Plaintiff claims Shealy also filed subpoenas in the wrong county that were later quashed. *Id.*

Plaintiff claims the Clerk provided him with a "blue ribbon" jury composed of "$1/3^{rd}$ school teachers." *Id.* at 20. Plaintiff alleges the grand jury process in Greenville

3

County "is unconstitutional and but a plaything for the solicitor's office." *Id.* Plaintiff states he sent a letter asking for copies of minutes and subpoenas issued in his three cases and the clerk replied none were kept. *Id.* at 21. Plaintiff argues the grand jury report for his June 2017 trial charges "shows that 357 true bills were issued on September 16, 2014, with zero no bills." *Id.* Plaintiff claims the Greenville grand jury process "is a sham offering zero citizen oversight." *Id.*

Plaintiff alleges the Greenville County system of warrants issued by magistrates is unconstitutional and states a review of his warrants will show zero oversight. *Id.* Plaintiff contends Magistrate James Hudson's ("Hudson") condition that he maintain weekly contact with his arresting officer, investigator Martin, "was arbitrary and capricious and in part responsible for Plaintiff's false arrest and convictions." *Id.* Plaintiff says Hudson "in effect" placed him on probation without cause or due process. *Id.* Plaintiff alleges he appeared before Judge Letitia Hamilton Verdin ("Verdin") to dismiss attorney Donald Smith for illegal drug abuse and states he told Verdin he wished to proceed pro se but needed 90 days to procure money for a good lawyer if he decided not to represent himself. *Id.* at 22. Plaintiff states Verdin stated on the record that this was his right. *Id.* Plaintiff alleges Assistant Solicitor Sylvia Harrison claimed he was scheduled for trial on September 11, 2013. *Id.*

Plaintiff contends Judge Garrison Hill's order to substitute counsel issued four days later was unconstitutional. *Id.* Plaintiff alleges solicitor Walt Wilkins' office did not place his motions or trials on the docket in a timely manner, denying him equal access to the courts. *Id.* at 23. Plaintiff argues "the use of scheduling of motions and trial in order

4

to pressure a guilty plea is unconstitutional." *Id.* Plaintiff claims that on May 15, 2017, Solicitor Russell D. Ghent ("Ghent") filed a 28-page response to Plaintiff's motion to proceed pro se that Plaintiff did not receive a copy of until May 22, 2017. *Id.* at 24.

Plaintiff claims Ghent "made efforts to violate the ADA & Hipa by subpoenaing . . . the dispenser of medication at Ridgeland Corrections Center . . . where [Plaintiff] is serving time." *Id.* Plaintiff alleges KCI Warden Tim Riley and SCDC attorneys Barton Vincent and Annie Rumler are denying him access to the prison law library and copy services in violation of SCDC policy. *Id.* at 25. Plaintiff says KCI mail supervisor Ms. Albert ("Albert") has declared him "persona non grata" because of the volume of mail he sends and receives, forcing him to remain in lock up 24 hours a day, without equal access to obtain paper or a pen, "except written request, unlike others." *Id.* at 26. Plaintiff alleges KCI does not provide request forms or sick call forms as requested or needed, and thus there is no grievance process. *Id.*

Plaintiff claims GCDC had the email for the Clerk disabled by the administrator from May 24, 2017 to June 16, 2017, denying him access to the courts. *Id.* Plaintiff contends the Clerk and Ghent refused to accept emails sent from GCDC regarding pretrial motions during this same time period. *Id.* Plaintiff states that Spartanburg Solicitor Barry Barnette assisted Ghent in this campaign. *Id.* Plaintiff alleges Albert has failed to assist in notarizing PCR documents and state court affidavits to proceed in forma pauperis. *Id.* Plaintiff says he has never received disciplinary action in SCDC and is being harassed for a previous lawsuit in which Albert was a party. *Id.* Plaintiff argues he received 20 years in consecutive sentences as a direct result of the defendants' actions. *Id.*

at 27. Plaintiff also contends his defense continues to suffer because defendants are "hindering [his] pro se actions." *Id.* Plaintiff seeks declaratory and injunctive relief and monetary damages. *Id.* at 27–31.

II. Discussion

   A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.

Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

    1.  Judicial and Quasi-Judicial Immunity (Wickensimer, Bearden, Verdin, Hill, Hudson, and Foster)

It is well-settled that judges and court support personnel have immunity from claims arising out of their judicial actions. *Mireless v. Waco*, 502 U.S. 9, 12 (1991); *See also Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (finding the doctrine of absolute quasi-judicial immunity has been adopted and made applicable to court support personnel because of "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts[.]"). Judicial immunity is a protection from suit, not just from ultimate assessment of damages, and such immunity is not pierced by allegations of corruption or bad faith. *See Mireless*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'") (citation omitted). As Plaintiff's claims against Greenville County Clerk of Court Paul B. Wickensimer, Greenville County preliminary hearing clerk Donna Bearden, Circuit Court Judge Letitia Hamilton Verdin, Judge Garrison Hill, Magistrate

7

James Hudson, and Magistrate Lela Foster relate to their judicial actions, they are entitled to absolute immunity. Accordingly, Plaintiff's claims against these defendants should be summarily dismissed.

        2.      Prosecutorial immunity (Harrison, Ghent, Wilkins, and Barnette)

Plaintiff sues solicitors Sylvia Harrison, Russel D. Ghent, Walt Wilkins, and Barry Barnette for actions associated with the prosecution of his criminal charges. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pretrial hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Because Plaintiff's claims address actions taken by these defendants in connection with the judicial proceedings for his criminal charges, these claims are barred by prosecutorial immunity. Accordingly, the undersigned recommends Harrison, Ghent, Wilkins, and Barnette be summarily dismissed from this case.

        3.      Agencies/Offices (Greenville County Clerk of Court, Greenville Public Defender Office, Spartanburg Public Defender Office)

It is well-settled that only "persons" may act under color of state law, and, therefore, a defendant in a § 1983 action must qualify as a "person." *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978). Defendants Greenville County Clerk of Court,[1] Greenville Public Defender Office, and Spartanburg Public Defender Office are groups of persons working in a department, building, or facility and cannot act under color of state law. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the

---

[1] Plaintiff sues both the Clerk of Court's office as well as Wickensimer individually.

medical department of a prison is not a person pursuant to § 1983); *Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008) (holding that the use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions). Because Greenville County Clerk of Court, Greenville Public Defender Office, and Spartanburg Public Defender Office are not individual "persons" pursuant to § 1983, Plaintiff has failed to state a claim on which relief may be granted as to them. It is recommended that these defendants be dismissed.[2]

### 4. Failure to Process Grievances

Plaintiff alleges KCI did not provide him with request or sick call forms, which prevented him from utilizing KCI's grievance process. [ECF No. 1 at 26]. Plaintiff's claim is subject to summary dismissal because a prisoner has no constitutional right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein*, 417 F. App'x 317, 319 (4th Cir. 2011); *Ashann–Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000) ("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983.").

---

[2] To the extent Plaintiff is asserting claims against the public defenders who represented him in his criminal proceedings, these claims are also subject to summary dismissal. A criminal defense attorney, whether retained or appointed, does not act under color of federal law, which is a jurisdictional prerequisite for any civil action brought under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317–24 nn. 8–9, 12–14 (1981).

5. Denial of Access to Courts (Vandermosten, Riley, Vincent, Rumler, and Albert)

Plaintiff claims GCDC jail administrator John Vandermosten, KCI Warden Tim Riley, SCDC attorneys Barton Vincent and Annie Rumler, and KCI mail supervisor Ms. Albert denied him access to email, copy, and notary services, legal research, and writing materials. [ECF No. 1 at 25–26]. To state a constitutional claim for denial of meaningful access to the courts, an inmate must allege specific injury resulting from the alleged denial. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded); *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006) (finding sua sponte dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on his access to a law library); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993) (holding that a prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access").

The allegations in Plaintiff's complaint are insufficient to demonstrate that he was prejudiced or impeded in his pursuit of a specific non-frivolous legal action. Although Plaintiff claims "an administrator" blocked him from emailing pretrial motions to the Clerk, Plaintiff has failed to show that Greenville County accepts motions via email. Further, Plaintiff indicates he had appointed counsel and it is well-established that "representation by counsel negates a prisoner's claim of inadequate access to the courts."

*Hause v. Vaught*, 993 F.2d 1079, 1084 (4th Cir. 1993) (prisoner's right to meaningful court access may be satisfied by providing prisoner with "adequate assistance from persons trained in the law").

Additionally, Plaintiff has failed to allege any facts to establish how he was prejudiced by Albert limiting his access to pen, paper, and notary services, and Riley, Vincent, and Rumler denying him access to the law library and copy services. *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006) (finding *sua sponte* dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on his access to a law library). A plaintiff must make specific allegations as to the actual injury sustained. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996) (finding that plaintiff failed to identify any actual injury resulting from official conduct); *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993) (holding that a prisoner had a "basic requirement that he show specific harm or prejudice from the allegedly denied access"). Accordingly, Plaintiff's access to court claim is subject to summary dismissal. *See Lewis*, 518 U.S. at 351–52 (holding that prisoners must specifically allege facts to demonstrate actual injury to a non-frivolous legal action).

      6.    *Heck* bars Plaintiff's claims related to his conviction and sentence

Plaintiff's claims related to the prosecution of his criminal charges are barred by the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that in order to recover damages for imprisonment in violation of the Constitution, the imprisonment must first be successfully challenged:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486–87. When addressing a damages claim in a § 1983 suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. This is known as the "favorable termination" requirement. *See Wilson v. Johnson*, 535 F.3d 262, 263 (4th Cir. 2008). The preclusive rule in *Heck* likewise bars declaratory and injunctive relief if a judgment in the plaintiff's favor would necessarily imply the invalidity of the conviction. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (*Heck* bars declaratory judgment action challenging validity of state criminal conviction); *Harvey v. Horan*, 278 F.3d 370, 375 (4th Cir. 2002) (applying *Heck* to claims for injunctive relief), abrogated on other grounds by *Skinner v. Switzer*, 131 S. Ct. 1289, 1298–1300 (2011).

Plaintiff fails to demonstrate or allege that he has successfully challenged his state convictions and/or sentences. Because Plaintiff has not demonstrated that his convictions and/or sentences have been successfully challenged, any claims he may be attempting to pursue based on his convictions or sentences are barred by *Heck*. The undersigned

recommends the court dismiss Plaintiff's claims related to the trial of his breach of trust and other criminal charges.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without issuance and service of process. The undersigned recommends the district judge order that the dismissal be without prejudice to Plaintiff's right to file an amended complaint within 28 days after the district judge's order, but that after such time, the dismissal becomes with prejudice.

IT IS SO RECOMMENDED.

August 23, 2017
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).